Law Offices of Donna M. Fiorelli, P.C.
390 Old Country Road
Garden City New York 11530
(516) 783-1950
Donna M. Fiorelli, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-------------------------------------------------------X
In re:

JUSTINO GARCIA

                              Debtor
-------------------------------------------------------X
JUSTINO GARCIA

                              Plaintiff,

   -against-

AURORA LOAN SERVICES, LLC

                              Defendant.
-------------------------------------------------------X

Chapter 13
Case No.: 10-50856

Adv. Proc. No.

**COMPLAINT SEEKING A DETERMINATION THAT THE LIEN
OF AURORA LOAN SERVICES, LLC AGAINST THE DEBTOR'S
REAL PROPERTY IS NOT SECURED AND THAT THE LIEN OF AURORA
LOAN SERVICES, LLC AGAINST THE DEBTOR'S REAL PROPERTY IS VOID**

Plaintiff, Justino Garcia (the "Debtor"), by his attorneys Law Offices of Donna M. Fiorelli, P.C., as and for his Complaint against the Defendant, Aurora Loan Services, LLC. ("Aurora" or the "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.    This Adversary Proceeding is brought under 11 U.S.C. Section 506(a) and 506(d) and Federal Rules of Bankruptcy Procedure Rules 3012, 6009 and 7001 et seq. seeking a determination of the Bankruptcy Court as to the extent to which the claim of Aurora Loan Services, LLC is secured and unsecured as it relates to the Debtors' real property known as and

located at 85-62 Forest Parkway, Woodhaven, New York 11421 (the "Real Property"), classifying Aurora Loan Services, LLC as an unsecured creditor to the extent its claim is not an allowed secured claim pursuant to 11 U.S.C. Section 1322(b)(1) and 1322(b)(5), and voiding the mortgage lien under 11 U.S.C. section 506(d).

2. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The Court has venue pursuant to 28 U.S.C. §1409(a) as the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code in this district on November 17, 2010.

3. This is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2).

### THE PARTIES

4. On November 17, 2010, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York at Central Islip.

5. Michael J. Macco, Esq. has been appointed as the Chapter 13 Trustee of this matter and is currently acting in that capacity.

6. The Debtor is an individual who resides at the real property located at 85-62 Forest Parkway, Woodhaven, New York 11421 (the "Real Property").

7. Upon information and belief, at all times relevant, Aurora Loan Services, LLC was and is a national banking association with a principal place of business at 10350 Park Meadows Drive, Littleton, Colorado 80124.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. The Debtor purchased the real property known as and located at 85-62 Forest Parkway, Woodhaven, New York 11421 (the "Real Property") on or about December 10, 2004

for $730,000.00.

9. The Debtor obtained a first mortgage to purchase the Real Property in 2004 from Lend America in the approximate amount of $510,000.00.

10. The first mortgage lien on the Real property is currently serviced by Aurora Loan Services, LLC ("Aurora First Mortgage").

11. The Debtor obtained a second mortgage to purchase the Real Property in 2004 from Lend America in the approximate amount of $170,000.00.

12. Upon information and belief, the second mortgage lien on the Real Property is currently serviced by Aurora Loan Services, LLC ("Aurora Second Mortgage").

13. The approximate outstanding principal amount of the Aurora First Mortgage lien on the Real Property is $556,152.8. A copy of the Notice of Sale for November 19, 2010 from the foreclosure action on the Real Property is annexed hereto as Exhibit "A."

14. Upon information and belief, the approximate outstanding principal amount of the Aurora Second Mortgage lien is $178,000.00. A copy of the second mortgage document and assignment to Aurora both filed with the Clerks Office of Queens County are annexed hereto as Exhibit "B."

15. On November 9, 2010, the Debtor obtained an appraisal of the Real Property from a New York State certified appraiser with JM Appraisals.

16. After reviewing the Real Property and comparing it to the sales of similar properties in the same area, JM appraisals appraised the Real Property with a fair market value of $520,000.00. A copy of the appraisal is annexed as Exhibit "C."

### FIRST CLAIM FOR RELIEF
### (Incorporating all previous allegations)

17. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through

16 as if set forth fully herein.

18. The value of the Real Property is $520,000.00.

19. The Real Property is encumbered by a first mortgage lien held by Aurora Loan Services, LLC in the approximate amount of $556,152.88.

20. After accounting for the first priority mortgage lien held by Aurora Loan Services, LLC, there is no equity left in the Real Property to cover any portion of the second mortgage lien held by Aurora Loan Services, LLC.

21. Pursuant to 11 U.S.C. Section 506(a) Aurora loan Services, LLC has a secured claim only to the extent of the value of its collateral and an unsecured claim for the balance.

22. Plaintiff seeks a determination, pursuant to 11 U.S.C. Section 1322(b)(1), that the Aurora Second Mortgage lien is wholly unsecured as it relates to the Real Property.

## SECOND CLAIM FOR RELIEF

**(Incorporating all previous allegations)**

23. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 22 as if set forth fully herein.

24. Pursuant to 11 U.S.C. Section 506(d) to the extent a lien secures a claim against real property that is not an allowed secured claim, such lien is void.

25. As the Aurora Second Mortgage lien is wholly unsecured, the lien related to such claim must be avoided in total.

**WHEREFORE**, it is respectfully requested that an Order of this Court be issued pursuant to 11 U.S.C. 506(a), 506(d), 1322(b)(1) and 1322(b)(5) and Federal Rules of Bankruptcy Procedure Rules 3012, 6009 and 7001 et seq. determining the extent to which the claim of the Aurora Second Mortgage is secured or unsecured, classifying Aurora Loan

Services, LLC as an unsecured creditor as it relates to the Aurora Second Mortgage lien on the Real Property to the extent its claim is not an allowed secured claim, voiding the lien of Aurora Loan Services, LLC for the Aurora Second Mortgage on the Real Property, and for such other further and different relief as this Court deems just and proper.

Dated: Garden City, New York
      December 19, 2010

**LAW OFFICES OF DONNA M. FIORELLI, P.C.**
Attorneys for Justino Garcia

By:    */s/ Donna M. Fiorelli*
Donna M. Fiorelli, Esq.
390 Old Country Road
Garden City, New York 11530
(516) 783-1950

*Z:\dmfpc\Garcia, Justino and Anna Maria\Adversary Proceeding-Aurora\Complaint re Aurora Loan Services.wpd*